UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| JAMES L. CARR, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| V. | ) | Civil Action No. 6: 05-150-DCR |
| | ) | |
| MINNESOTA MINING AND | ) | |
| MANUFACTURING CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| JOHNATHAN BUDDY SMALLWOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil Action No. 6: 05-210-DCR |
| | ) | |
| MINNESOTA MINING AND | ) | |
| MANUFACTURING CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| HUBERT TROSPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil Action No. 6: 05-211-DCR |
| | ) | |
| MINNESOTA MINING AND | ) | |
| MANUFACTURING CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| RANDALL HOGG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil Action No. 6: 05-212-DCR |

-1-

MINNESOTA MINING AND                    )
MANUFACTURING CO., et al.,              )
                                        )
          Defendants.                   )
                                        )
_____ )  _____
WILLIAM B. MAGGARD,                     )
                                        )
          Plaintiff,                    )
                                        )
V.                                      )   Civil Action No. 6: 05-213-DCR
                                        )
MINNESOTA MINING AND                    )
MANUFACTURING CO., et al.,              )
                                        )
          Defendants.                   )
                                        )
_____ )  _____
RONALD RUTH,                            )
                                        )
          Plaintiff,                    )
                                        )
V.                                      )   Civil Action No. 6: 05-214-DCR
                                        )
MINNESOTA MINING AND                    )
MANUFACTURING CO., et al.,              )
                                        )
          Defendants.                   )
                                        )
_____ )  _____
WILLARD SHOPE,                          )
                                        )
          Plaintiff,                    )
                                        )
V.                                      )   Civil Action No. 6: 05-225-DCR
                                        )
MINNESOTA MINING AND                    )
MANUFACTURING CO., et al.,              )
                                        )
          Defendants.                   )
                                        )
_____ )  _____
DONNIE RAY VICKERS,                     )
                                        )
          Plaintiff,                    )
                                        )

| | | |
|---|---|---|
| V. | ) | Civil Action No. 6: 05-226-DCR |
| | ) | |
| MINNESOTA MINING AND | ) | |
| MANUFACTURING CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| BILLY RAY VICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil Action No. 6: 05-227-DCR |
| | ) | |
| MINNESOTA MINING AND | ) | |
| MANUFACTURING CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| STEVE LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil Action No. 6: 05-228-DCR |
| | ) | |
| MINNESOTA MINING AND | ) | |
| MANUFACTURING CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| PETER NEACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil Action No. 6: 05-229-DCR |
| | ) | |
| MINNESOTA MINING AND | ) | |
| MANUFACTURING CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| BEARL MORGAN, | ) | |
| | ) | |

|                                       |   |                                  |
|---------------------------------------|---|----------------------------------|
| Plaintiff,                            | ) |                                  |
|                                       | ) |                                  |
| V.                                    | ) | Civil Action No. 6: 05-230-DCR   |
|                                       | ) |                                  |
| MINNESOTA MINING AND                  | ) |                                  |
| MANUFACTURING CO., et al.,            | ) |                                  |
|                                       | ) |                                  |
| Defendants.                           | ) |                                  |
|                                       | ) |                                  |

|                                       |   |                                  |
|---------------------------------------|---|----------------------------------|
| JAMES RICHARD McNAB,                  | ) |                                  |
|                                       | ) |                                  |
| Plaintiff,                            | ) |                                  |
|                                       | ) |                                  |
| V.                                    | ) | Civil Action No. 6: 05-231-DCR   |
|                                       | ) |                                  |
| MINNESOTA MINING AND                  | ) |                                  |
| MANUFACTURING CO., et al.,            | ) |                                  |
|                                       | ) |                                  |
| Defendants.                           | ) |                                  |
|                                       | ) |                                  |

|                                       |   |                                  |
|---------------------------------------|---|----------------------------------|
| HAROLD HOSKINS,                       | ) |                                  |
|                                       | ) |                                  |
| Plaintiff,                            | ) |                                  |
|                                       | ) |                                  |
| V.                                    | ) | Civil Action No. 6: 05-232-DCR   |
|                                       | ) |                                  |
| MINNESOTA MINING AND                  | ) |                                  |
| MANUFACTURING CO., et al.,            | ) |                                  |
|                                       | ) |                                  |
| Defendants.                           | ) |                                  |
|                                       | ) |                                  |

|                                       |   |                                  |
|---------------------------------------|---|----------------------------------|
| ROBERT W. HOWARD,                     | ) |                                  |
|                                       | ) |                                  |
| Plaintiff,                            | ) |                                  |
|                                       | ) |                                  |
| V.                                    | ) | Civil Action No. 6: 05-233-DCR   |
|                                       | ) |                                  |
| MINNESOTA MINING AND                  | ) |                                  |
| MANUFACTURING CO., et al.,            | ) |                                  |
|                                       | ) |                                  |
| Defendants.                           | ) |                                  |

| | | |
|---|---|---|
| PAUL W. HOISKA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil Action No. 6: 05-234-DCR |
| | ) | |
| MINNESOTA MINING AND | ) | |
| MANUFACTURING CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

| | | |
|---|---|---|
| CHARLES FARLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil Action No. 6: 05-235-DCR |
| | ) | |
| MINNESOTA MINING AND | ) | |
| MANUFACTURING CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

| | | |
|---|---|---|
| RECARTER COCKRELL, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil Action No. 6: 05-236-DCR |
| | ) | |
| MINNESOTA MINING AND | ) | |
| MANUFACTURING CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

| | | |
|---|---|---|
| FRED DEAN CARMICAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil Action No. 6: 05-237-DCR |
| | ) | |
| MINNESOTA MINING AND | ) | |
| MANUFACTURING CO., et al., | ) | |
| | ) | |

Defendants.    )
         )
_____ ) _____

DAVID BROCK,     )
         )
  Plaintiff,    )
         )
V.         )  Civil Action No. 6: 05-238-DCR
         )
MINNESOTA MINING AND  )
MANUFACTURING CO., et al.,  )
         )
  Defendants.   )
         )
_____ ) _____

JAMES DENVER McKNIGHT,  )
         )
  Plaintiff,    )
         )
V.         )  Civil Action No. 6: 05-240-DCR
         )
MINNESOTA MINING AND  )
MANUFACTURING CO., et al.,  )
         )
  Defendants.   )
         )
_____ ) _____

DON LANGDON,     )
         )
  Plaintiff,    )
         )
V.         )  Civil Action No. 6: 05-261-DCR
         )
AMERICAN OPTICAL CORP., et al., )
         )
  Defendants.   )
         )
_____ ) _____

EDWARD COLLINS, JR.,   )
         )
  Plaintiff,    )
         )
V.         )  Civil Action No. 6: 05-262-DCR
         )
         )

AMERICAN OPTICAL CORP., et al.,   )
                                  )
        Defendants.               )
                                  )
_____ )   _____
BARRIE RITCHIE,                   )
                                  )
        Plaintiff,                )
                                  )
V.                                )   Civil Action No. 6: 05-263-DCR
                                  )
AMERICAN OPTICAL CORP., et al.,   )
                                  )
        Defendants.               )
                                  )
_____ )   _____
BOBBY HUBBARD,                    )
                                  )
        Plaintiff,                )
                                  )
V.                                )   Civil Action No. 6: 05-264-DCR
                                  )
AMERICAN OPTICAL CORP., et al.,   )
                                  )
        Defendants.               )
                                  )
_____ )   _____
CHARLES COUCH,                    )
                                  )
        Plaintiff,                )
                                  )
V.                                )   Civil Action No. 6: 05-265-DCR
                                  )
AMERICAN OPTICAL CORP., et al.,   )
                                  )
        Defendants.               )
                                  )
_____ )   _____
WADE BAKER,                       )
                                  )
        Plaintiff,                )
                                  )
V.                                )   Civil Action No. 6: 05-266-DCR
                                  )
AMERICAN OPTICAL CORP., et al.,   )
                                  )

Defendants.                              )
                                         )
_____        )   _____
JOHNNY JOSEPH,                           )
                                         )
     Plaintiff,                        )
                                         )
V.                                       )   Civil Action No. 6: 05-267-DCR
                                         )
AMERICAN OPTICAL CORP., et al.,          )
                                         )
     Defendants.                       )
                                         )
_____        )   _____
JERRY W. BLEVINS,                        )
                                         )
     Plaintiff,                        )
                                         )
V.                                       )   Civil Action No. 6: 05-282-DCR
                                         )
AMERICAN OPTICAL CORP., et al.,          )
                                         )
     Defendants.                       )
                                         )
_____        )   _____
JAMES R. TAYLOR, III,                    )
                                         )
     Plaintiff,                        )
                                         )
V.                                       )   Civil Action No. 6: 05-283-DCR
                                         )
AMERICAN OPTICAL CORP., et al.,          )
                                         )
     Defendants.                       )
                                         )
_____        )   _____
RANDY DWAYNE LEFEVERS,                   )
                                         )
     Plaintiff,                        )
                                         )
V.                                       )   Civil Action No. 6: 05-284-DCR
                                         )
AMERICAN OPTICAL CORP., et al.,          )
                                         )
     Defendants.                       )
                                         )

| | |
|---|---|
| THOMAS DUNSEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Civil Action No. 6: 05-285-DCR |
| | ) |
| AMERICAN OPTICAL CORP., et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| ROBERT ASHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) |
| | ) Civil Action No. 6: 05-294-DCR |
| MINNESOTA MINING AND | ) |
| MANUFACTURING CO., et al., | ) |
| | ) |
| Defendants. | ) |

*** *** *** ***

## MEMORANDUM OPINION AND ORDER

*** *** *** ***

This matter is pending for consideration of motions to remand filed by the Plaintiffs in these related actions. In addition, various other motions are currently pending in these actions, including motions for remand-related discovery, motions to withdraw, motions to sever, and motions for leave to file sur-replies. These 33 cases are related and involve allegedly defective coal dust masks. In all but the first case, 6: 05-150, the cases involve individual Plaintiffs suing various manufacturers and retailers of the coal masks.[1] The manufacturing Defendants include:

---

[1] There are 12 Plaintiffs in 6:05-150.

American Optical Corporation ("American Optical"), Minnesota Mining and Manufacturing Company ("Minnesota Mining"), Mine Safety Appliances, Moldex-Metric, and FLEXO Products. The retail Defendants include: Mine Service Company, Inc. ("MSC"), Kentucky Mine Supply Company ("KMSC"), Macro Mine Supply, Mountain Supply Co., Persinger Supply Company, and Morgantown National Supply, Inc.[2] Two of the retail Defendants are Kentucky citizens, *i.e.*, MSC and KMSC (collectively referred to as "the Kentucky Defendants"), and their presence destroys this Court's diversity jurisdiction. American Optical, and in some cases, Minnesota Mining, argue that the Kentucky Defendants have been fraudulently joined because the Kentucky Middleman Statute, K.R.S. § 411.340, forecloses any liability against the Kentucky Defendants. The Kentucky Defendants themselves, however, have not moved for dismissal or summary judgment and have not contested the Plaintiffs' motions to remand.

The Court addressed these issues in a companion case, *Carlos Adams v. Minnesota Mining and Manufacturing Co.*, No. 6:04-cv-521. [No. 6:04-cv-521, Record No. 19] In that case, the Court granted American Optical's motion to sever and the Plaintiffs' motion to remand, in part, but held the Order in abeyance, pending limited discovery and briefing regarding the connection between individual Plaintiffs and the Kentucky Defendants. American Optical and Minnesota Mining argued that the Kentucky Defendants were fraudulently joined to defeat diversity jurisdiction.

---

[2]     The Plaintiffs have not sued each Defendant in each case; rather, they have tailored their Complaints to correspond to the evidence supporting their individual claims against the various manufacturers and suppliers.

Following limited discovery, the Plaintiffs contended that 162 Plaintiffs had established a sufficient link to the Kentucky Defendants. Two of the manufacturing Defendants (Minnesota Mining and American Optical), however, argued that no more than eleven Plaintiffs had stated colorable claims against the Kentucky Defendants. The Court noted that the Kentucky Defendants: did not provide complete information during the limited discovery period; did not move for dismissal or summary judgment; and did not oppose the Plaintiffs' method for severance. The Court concluded that the individual Plaintiffs, whose claims could be traced to the Kentucky Defendants through their employers, were entitled to proceed against the Kentucky Defendants and thus their claims should be severed and remanded. [No. 6:04-cv-521, Record No. 30]

In the present cases, the Plaintiffs, utilizing discovery from the *Adams* case, have linked each of their claims to a Kentucky Defendant through their previous employers.

## I.    BACKGROUND

The Plaintiffs are coal miners who allegedly suffer from black lung disease. They worked in coal mines in Kentucky and used various respirators designed to reduce harmful coal dust from entering their lungs. The respirators were manufactured by one of the five manufacturing defendants. The Plaintiffs claim that the respirators were defective, causing coal dust to enter their lungs. They claim that this defect led to their contraction of black lung disease.

The retail Defendants, including the Kentucky Defendants, were not involved in manufacturing the masks; rather, they simply sold them. The Kentucky Defendants were

-11-

incorporated in Kentucky and have their principal place of business in Kentucky.  Thus, their presence defeats diversity jurisdiction because the Plaintiffs are Kentucky citizens.

## II.     LEGAL ANALYSIS

During the limited discovery period in Civil Action No. 6: 04-521, the Plaintiffs sought discovery from the Kentucky Defendants and several Defendants sought discovery from the Plaintiffs.  The Plaintiffs sought information from the Kentucky Defendants regarding their supply of masks to the relevant employers.  In addition, Minnesota Mining and American Optical sought discovery from the Plaintiffs regarding their past work history.

The parties principally disagree on the amount of proof necessary for the individual plaintiffs to demonstrate a sufficient causal nexus between themselves and at least one of the Kentucky Defendants.  The Plaintiffs argue that evidence linking their previous employers with the Kentucky Defendants is sufficient.  American Optical essentially argues that only those individual Plaintiffs who actually remember the name of their mask supplier can establish sufficient causation.

At the outset, it is important to note that the burden of establishing jurisdiction is upon the defendant as the removing party.  *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993); *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 330 (6th Cir. 1989).  In *Coyne v. The Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999), the Sixth Circuit explained the relevant considerations in analyzing a claim of fraudulent joinder, noting that:

> the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law.

-12-

> However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The district court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non removing party.   All doubts as to the propriety of removal are resolved in favor of remand.

It should be further noted that:

> [t]his court has a responsibility to accept jurisdiction in all proper cases. [However,] [i]t has a greater obligation to protect the jurisdiction of the State court, both by reason of comity to that court and fairness to litigants who have chosen it as a forum.   Where there is doubt as to federal jurisdiction, the doubt should be construed in favor of remanding the case to the State court where there is no doubt as to its jurisdiction.

*Walsh v. Am. Airlines, Inc.*, 264 F. Supp. 514, 515 (E.D. Ky. 1967).

The crucial question is whether individual Plaintiffs have sufficient proof of causation against a Kentucky Defendant, such that a Kentucky court would conclude that the Kentucky Defendant was a proper party to the case.  American Optical argues that the Plaintiffs must show that a Kentucky Defendant supplied masks to their employer at the time the Plaintiff was employed at that mine and must also show that no other masks were used.  While this type of causation evidence might be necessary at trial, at these early stages of the proceedings, the Plaintiffs do not have to make such a strong showing.  They must only show that they have a "colorable claim" that they *may* recover against a Kentucky Defendant.  Further, the Plaintiffs were unable to produce more complete causation data due to the failure of the Kentucky Defendants to produce complete discovery during the limited discovery period in Civil Action No. 6: 04-521.  *See*, *e.g.*, American Optical's Response to Plf.'s Mot. to Remand in Civil Action No. 6: 05-283 ("According to [KMS's] discovery requests in [6:04-521], it may have sold respiratory protection products to Lone Mountain Processing.  However, Kentucky Mine Supply

-13-

has not identified the brands of respiratory protection products it may have sold to Lone Mountain."). The Court cannot conclude that the Plaintiffs' "linkage data" is insufficient when the insufficiency is due largely to the Kentucky Defendants' failure to produce complete discovery.

The Plaintiffs have connected each of their claims to a Kentucky Defendant through a connection between their employers and at least one Kentucky Defendant. In addition, they have established that the type of mask each individual Plaintiff used was one sold by a Kentucky Defendant. And, the Plaintiffs have identified their employment history and corresponding Kentucky Defendant supplier.[3]

### III.   CONCLUSION

It is noteworthy that the Kentucky Defendants have not briefed the issue of remand and have not moved to be dismissed from the case. Clearly, if the Plaintiffs' connection to the Kentucky Defendants was so tenuous as to fail the Plaintiffs' minimal burden of showing a "colorable basis" that they *may* recover, it would seem that the Kentucky Defendants would have moved for dismissal. Thus, for the reasons more fully stated in Record Numbers 19 and 30 in *Carlos Adams v. Minnesota Mining and Manufacturing Co.*, 6:04-cv-521, and for the reasons stated herein, it is hereby

**ORDERED** as follows:

---

[3]     For all but two cases, these summaries are attached to Exhibit 1 of the Complaint. In Civil Action No. 6:05-150, the summary is attached as Exhibit 1 to the motion to remand. In Civil Action No. 6:05-283, the exhibit is not attached to the Complaint. American Optical, however, references Exhibit 1 and summarizes its findings in its response to the Plaintiff's motion to remand. [6:05-283, Record No. 3, p. 2] Thus, although American Optical  neglected to include Exhibit 1 with its State Court Records attachment in the Notice of Removal, the summary of the Exhibit provided in American Optical's response is sufficient to establish the connection between the Plaintiff and the Kentucky Defendants.

-14-

(1)     The Plaintiffs' motion to remand [Record No. 9] in 6:05-150 is **GRANTED** and that matter is **REMANDED** to the Harlan Circuit Court;

(2)     The Plaintiff's motion to remand [Record No. 6] in 6:05-210 is **GRANTED** and that matter is **REMANDED** to the Harlan Circuit Court;

(3)     The Plaintiff's motion to remand [Record No. 7] in 6:05-211 is **GRANTED** and that matter is **REMANDED** to the Leslie Circuit Court;

(4)     The Plaintiff's motion to remand [Record No. 6] in 6:05-212 is **GRANTED** and that matter is **REMANDED** to the Harlan Circuit Court;

(5)     The Plaintiff's motion to remand [Record No. 7] in 6:05-213 is **GRANTED** and that matter is **REMANDED** to the Harlan Circuit Court;

(6)     The Plaintiff's motion to remand [Record No. 6] in 6:05-214 is **GRANTED** and that matter is **REMANDED** to the Harlan Circuit Court;

(7)     The Plaintiff's motion to remand [Record No. 7] in 6:05-225 is **GRANTED** and that matter is **REMANDED** to the Harlan Circuit Court;

(8)     The Plaintiff's motion to remand [Record No. 6] in 6:05-226 is **GRANTED** and that matter is **REMANDED** to the Perry Circuit Court;

(9)     The Plaintiff's motion to remand [Record No. 6] in 6:05-227 is **GRANTED** and that matter is **REMANDED** to the Harlan Circuit Court;

(10)    The Plaintiff's motion to remand [Record No. 6] in 6:05-cv-228 is **GRANTED** and that matter is **REMANDED** to the Leslie Circuit Court;

(11)     The Plaintiff's motion to remand [Record No. 6] in 6:05-229 is **GRANTED** and that matter is **REMANDED** to the Leslie Circuit Court;

(12)     The Plaintiff's motion to remand [Record No. 8] in 6:05-230 is **GRANTED** and that matter is **REMANDED** to the Leslie Circuit Court;

(13)     The Plaintiff's motion to remand [Record No. 7] in 6:05-231 is **GRANTED** and that matter is **REMANDED** to the Harlan Circuit Court;

(14)     The Plaintiff's motion to remand [Record No. 7] in 6:05-232 is **GRANTED** and that matter is **REMANDED** to the Leslie Circuit Court;

(15)     The Plaintiff's motion to remand [Record No. 6] in 6:05-233 is **GRANTED** and that matter is **REMANDED** to the Harlan Circuit Court;

(16)     The Plaintiff's motion to remand [Record No. 6] in 6:05-234 is **GRANTED** and that matter is **REMANDED** to the Harlan Circuit Court;

(17)     The Plaintiff's motion to remand [Record No. 6] in 6:05-235 is **GRANTED** and that matter is **REMANDED** to the Leslie Circuit Court;

(18)     The Plaintiff's motion to remand [Record No. 6] in 6:05-236 is **GRANTED** and that matter is **REMANDED** to the Harlan Circuit Court;

(19)     The Plaintiff's motion to remand [Record No. 7] in 6:05-237 is **GRANTED** and that matter is **REMANDED** to the Harlan Circuit Court;

(20)     The Plaintiff's motion to remand [Record No. 5] in 6:05-238 is **GRANTED** and that matter is **REMANDED** to the Leslie Circuit Court;

(21)     The Plaintiff's motion to remand [Record No. 6] in 6:05-240 is **GRANTED** and that matter is **REMANDED** to the Harlan Circuit Court;

(22)     The Plaintiff's motion to remand [Record No. 5] in 6:05-261 is **GRANTED** and that matter is **REMANDED** to the Leslie Circuit Court;

(23)     The Plaintiff's motion to remand [Record No. 5] in 6:05-262 is **GRANTED** and that matter is **REMANDED** to the Leslie Circuit Court;

(24)     The Plaintiff's motion to remand [Record No. 3] in 6:05-263 is **GRANTED** and that matter is **REMANDED** to the Leslie Circuit Court;

(25)     The Plaintiff's motion to remand [Record No. 3] in 6:05-264 is **GRANTED** and that matter is **REMANDED** to the Leslie Circuit Court;

(26)     The Plaintiff's motion to remand [Record No. 5] in 6:05-265 is **GRANTED** and that matter is **REMANDED** to the Leslie Circuit Court;

(27)     The Plaintiff's motion to remand [Record No. 3] in 6:05-266 is **GRANTED** and that matter is **REMANDED** to the Leslie Circuit Court;

(28)     The Plaintiff's motion to remand [Record No. 2] in 6:05-267 is **GRANTED** and that matter is **REMANDED** to the Leslie Circuit Court;

(29)     The Plaintiff's motion to remand [Record No. 5] in 6:05-282 is **GRANTED** and that matter is **REMANDED** to the Harlan Circuit Court;

(30)     The Plaintiff's motion to remand [Record No. 2] in 6:05-283 is **GRANTED** and that matter is **REMANDED** to the Harlan Circuit Court;

-17-

(31)    The Plaintiff's motion to remand [Record No. 3] in 6:05-284 is **GRANTED** and that matter is **REMANDED** to the Harlan Circuit Court;

(32)    The Plaintiff's motion to remand [Record No. 3] in 6:05-285 is **GRANTED** and that matter is **REMANDED** to the Harlan Circuit Court;

(33)    The Plaintiff's motion to remand [Record No. 4] in 6:05-294 is **GRANTED** and that matter is **REMANDED** to the Harlan Circuit Court;

(34)    All other pending motions in each of the above cases, including motions for remand-related discovery, motions to withdraw, motions to sever, and motions for leave to file sur-replies, are **DENIED** for lack of subject matter jurisdiction.

(35)    The Clerk is directed to attach a copy of Record Nos. 19 and 30 from Civil Acton No. 6:04-521 as exhibits to this Memorandum Opinion and Order.

This 22nd day of July, 2005.

Signed By:

*Danny C. Reeves* DCR

**United States District Judge**